[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action involves a life insurance policy on the life of Richard H. Coon issued by the defendant Guardian Life Insurance Company. Plaintiffs, the former wife and children of Mr. Coon, brought this action against the insurer and Susan Anne Zinkwich to recover the death benefit on policy number 2007523. The court entered a judgment of interpleader on October 28, 1991.
After trial, the court finds that Ms. Pearce was married to Mr. Coon from 1965 until April 8, 1988. They had two children, plaintiffs Randal, born in 1966, and Andrea, born in 1969. The policy in question was taken out in 1964 at which time Mr. Coon was engaged to Ms. Zinkwich, then known as Susan Anne Bilden. She testified that they had discussed taking out the policy and that it was a birthday present to her. She was named as the primary beneficiary, with Mr. Coon's parents as contingent beneficiaries. She broke off the engagement. Ms. Pearce and Mr. Gawrych, Mr. Coon's attorney in the dissolution action testified that the parties believed that Ms. Coon was the primary beneficiary and the children were the secondary beneficiaries. On the basis of that mutual mistake of fact, they signed a separation agreement which was incorporated in the dissolution judgment by which plaintiff released to Mr. Coon all of her CT Page 8345 rights to this policy and its cash value. Ms. Pearce testified credibly that she would not have signed the separation agreement had she known that neither she nor the children were the beneficiaries of the policy. Mr. Gawrych testified that Mr. Coon intended the children to be the beneficiaries of the policy. Thus, while not on all fours with this case, Kulmacz v. New York Life Ins. Co., 39 Conn. Sup. 470, 475 (App. Sess. 1983) governs here. Sufficient consideration supports Mr. Coon's promise that the children would be the beneficiaries of this policy. That consideration is embodied in the balance of the property settlement. Ms. Holmes buttressed that conclusion in testifying that Mr. Coon had said that "everything was for the kids."
The court finds, therefore, on the second count of the complaint that the proceeds of this policy, after payment of the $750.00 attorneys' fee to counsel for Guardian Life Insurance Co. ordered in the interpleader judgment, should be paid in equal shares to Randal Coon and Andrea Coon.
SUSCO, J.